UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ELEANOR SKELTON §<br>    Plaintiff, §<br> § | Civil Action No. 1:18-cv-00203 |
| vs. §<br> § | |
| THE EXAMINER CORPORATION D/B/A §<br>THE EXAMINER AND §<br>DON J. DODD §<br>    Defendants. § | JURY TRIAL DEMANDED |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES PLAINTIFF, Eleanor Skelton (hereinafter referred to as "Plaintiff"), and complains of Defendants, The Examiner Corporation d/b/a the Examiner (hereinafter referred to as "The Examiner") and Don J. Dodd (hereinafter referred to as "Mr. Dodd") (hereinafter collectively referred to as "Defendants"), and for causes of action would show the Court as follows:

## I.
## Introduction

1.  This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre-judgement and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff in the course of her employment with the Defendants.

3.  Further, this lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff seeks a recovery of damages, fees, costs, and interest from Defendants pursuant to applicable federal laws.

4.  Plaintiff demands a jury trial on all issues that may be tried to a jury.

5. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, state common law, and Title VII.

## II.
## Jurisdiction and Venue

6. Plaintiff brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

7. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

8. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b) and (c)(2) because the district has personal jurisdiction over Defendants, and Defendants therefore reside in this district.

9. Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

## III.
## Parties

10. Plaintiff, Eleanor Skelton, is a resident of Jefferson County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing her duties for Defendants.

11. Defendant, The Examiner Corporation d/b/a the Examiner, is a validly existing Texas corporation. Defendant The Examiner Corporation d/b/a the Examiner has made an appearance in this lawsuit.

12. Defendant, Don J. Dodd, is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer. He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Defendant Don J. Dodd has made an

appearance in this lawsuit.

13. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## Conditions Precedent

14. Plaintiff filed a charge of discrimination against Defendant under Charge Number 460-2018-03809 with the Equal Employment Opportunity Commission ("EEOC") on May 3, 2018.

15. On November 9, 2018, the EEOC issued a Notice of Right to Sue entitling Plaintiff to file an action under Title VII. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue.

16. All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## Facts

*Overtime and Retaliation*

17. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

18. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

19. For purposes of this action related to violations of the FLSA the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. At all material times, the Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d)

21. At all material times, the Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

22. At all material times, the Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

23. At all material times, Plaintiff was an employee who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

24. Defendant The Examiner Corporation d/b/a the Examiner is a newspaper publication, located at 795 Willow St., Beaumont, Texas 77701.

25. Defendants are involved in setting company policies of the business.

26. Defendants hired, disciplined and set the schedule of the Plaintiff.

27. Defendants have the authority to set pay rates of the employees of The Examiner Corporation d/b/a the Examiner.

28. Defendants have the authority to direct and supervise the work of employees of The Examiner Corporation d/b/a the Examiner.

29. Defendants have the authority to make decisions regarding employee

compensation.

30. Defendants have the authority to sign on such business' checking accounts, including payroll accounts.

31. Defendants set the hours of the Plaintiff.

32. Defendants employed Plaintiff as a Staff Writer and interim Receptionist from on or about September 12, 2016 until February 16, 2018.

33. Plaintiff averaged over forty (40) hours per week during her employment with the Defendants. In fact, Plaintiff routinely worked fifty (50) hours or more each week.

34. Plaintiff collected, organized and reported on assigned stories and updated the website and social media. Plaintiff did not contribute creatively.

35. Plaintiff performed receptionist or other administrative duties for at least six (6) months during her employment.

36. Plaintiff was told to take paid time off in lieu of receiving overtime wages; however, was discouraged from using it.

37. Consequently, Defendants retaliated against Plaintiff by denying her raises and ultimately terminated her employment, in violation of the FLSA.

*Sex Discrimination*

38. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

39. Plaintiff is a twenty-nine (29) year old female who worked as a Staff Writer and interim Receptionist for Defendants. She was a conscientious and reliable employee who performed her duties in a professional manner.

40. Plaintiff was regularly treated differently and ultimately wrongfully terminated

5

because she is female.

41. On or about March 2017, Don Dodd unofficially terminated Plaintiff. He approached Plaintiff and said, "it's just not working out…there are too many women here, and I just need a guy". Mr. Dodd proceeded to tell Plaintiff that "guys just make better reporters" and that he was "going to hire a guy from Port Arthur News".

42. After Plaintiff was informed that she was being terminated, she began gathering her belongings and was preparing to leave the premises.

43. Within thirty (30) minutes of Mr. Dodd informing Plaintiff that she was terminated, he returned to Plaintiff and withdrew the termination, stating "I have an idea… be a receptionist and a reporter".

44. From on or about March 2017 through on or about August 2017, Plaintiff performed the duties of a receptionist, reporter, and as a "catch-all" type position, despite her qualifications to be solely a Staff Writer.

45. No male Staff Writers were required to perform such duties.

46. Mr. Dodd required Plaintiff to perform such duties because she is female.

47. On or about August 2017, Defendants hired a receptionist and Plaintiff was allowed to return to her position as a Staff Writer full time.

48. On or about January 2018, Defendants hired a male Staff Writer, Kyle Swearingen.

49. Mr. Dodd required Plaintiff to provided training for a Staff Writer position to Kyle Swearingen.

50. On or about February 16, 2018, Plaintiff was terminated by Defendants.

51. Defendants replaced Plaintiff with Kyle Swearingen, despite Plaintiff's superior qualifications.

52. When Plaintiff asked why she was terminated, Mr. Dodd would not provide a legitimate explanation and simply said "it's not working out, I tried".

53. This language supports Mr. Dodd's previous comments when he unofficially terminated Plaintiff in March 2017. Defendants terminated Plaintiff, at least in part, because of her sex.

54. In addition to the inappropriate comments made by Mr. Dodd in March 2017, Mr. Dodd routinely made comments regarding Plaintiff's appearance as it relates to her gender, and berated her in front of other employees during her employment with Defendants.

55. Defendants never provided a pay-raise to Plaintiff. Upon information and belief, females regularly did not receive pay-raises, while their male counterparts would receive pay-raises.

56. Upon information and belief, Defendants regularly discriminate against their female employees.

57. Upon information and belief, similarly situated employees were treated differently than Plaintiff.

58. Plaintiff has suffered damages as a result of Defendant's discriminatory and retaliatory conduct.

## VI.
### First Claim for Relief
**(Unpaid overtime compensation and Retaliation under the FLSA)**

59. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

60. Plaintiff is considered a non-exempt employee.

61. Plaintiff is entitled to receive overtime pay for all hours she has worked in excess

of forty (40) hours during each seven-day workweek.

62. During her employment with the Defendants, Plaintiff routinely worked more than forty (40) hours a week.

63. Defendants did not pay Plaintiff her entitled pay (including overtime pay) for those hours she worked in excess of forty (40) hours per week.

64. Defendants has violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff "overtime" pay for all hours worked in excess of forty (40) hours per week.

65. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

66. Defendants have failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiff worked during each workweek of her employment with the Defendants.

67. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

68. No exemption excused the Defendants from paying Plaintiff overtime pay for hours worked over forty (40) hours per week.

69. Rather, Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern and practice regarding overtime compensation due to Plaintiff.

70. Defendants retaliated against the Plaintiff for complaining about unpaid overtime wages and took adverse employment actions against Plaintiff as a result of Plaintiff's complaint. 29 U.S.C. § 215.

71. Plaintiff seeks an amount of back-pay equal to the unpaid overtime compensation owed to Plaintiff.

72. Plaintiff also seeks an additional equal amount as liquidated damages, and

reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with pre-judgment and post-judgment interest at the highest rate allowed by law.

## VII.
## Second Claim for Relief
### (Wrongful Termination based on Sex under Title VII)

73. Each and every allegation contained in the foregoing paragraphs is realleged as if fully written herein.

74. Plaintiff is a twenty-nine (29) year old Female.

75. Because of Plaintiff's sex, she belongs to a group of persons that 42 U.S.C. § 2000e, et seq. intended to protect against discrimination in terms, conditions or privileges of employment.

76. By the above-described acts, Defendants discriminated against Plaintiff because of her sex by discriminating against her in terms, conditions or privileges of employment, in violation of 42 U.S.C. § 2000e, et seq.

77. Further, Defendants acted with reckless indifference to the federally protected rights of Plaintiff.

78. Plaintiff was treated differently than others similarly situated outside her protected class.

79. There was no legitimate nondiscriminatory reason for Defendants' decision to terminate Plaintiff.

80. Defendants' stated reasons for terminating Plaintiff were false.

81. Sex was a factor in Defendants' decisions to terminate Plaintiff.

82. Because of Defendants' discriminatory actions, Plaintiff has suffered adverse employment action, including loss of wages and other damages.

## VIII.
## Attorney Fees

83. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

84. Plaintiff is entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## IX.
## Jury Demand

85. Plaintiff makes a formal demand for a jury trial in this matter.

## X.
## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Eleanor Skelton respectfully requests that upon final hearing, the Court grant her relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206, 207 and/or 215, by failing to pay Plaintiff overtime pay at one and one-half times her regular hourly rate for all hours in excess of forty (40) hours worked during each seven-day work period and engaging in retaliatory conduct.

b. Order Defendants to pay Plaintiff the difference between (i) what Defendants should have paid Plaintiff for all hours worked, including overtime hours worked during the relevant period, and (ii) what Plaintiff was actually paid for those hours worked.

c. Order Defendants to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

d. Order Defendants to pay Plaintiff reasonable attorney's fees and costs.

e. Order Defendants to pay back pay and front pay.

f. Order Defendants to pay damages for mental anguish and emotional distress in the past and future;

g. Order Defendants to pay compensatory damages;

    h.    Order Defendants to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

    i.    Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

    Respectfully submitted,

    **GARCIA-MARTIN & MARTIN, P.C.**

    By: ___/s/ Lionel Martin_____
        Lionel Martin
        Texas State Bar No. 24037032
        Federal I.D. No. 31342
        Lmartin@mgmartinlaw.com

    12946 S. Dairy Ashford Road
    Suite 220
    Sugar Land, Texas 77478
    Tel: (281) 277-3066
    Fax: (281) 277-3067

    *Attorneys for Plaintiff Eleanor Skelton*

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel: (281) 277-3066
Fax: (281) 277-3067

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing instrument was served on the following parties or counsel in accordance with the Federal Rules of Civil Procedure, on this 28th day of December 2018.

John Werner                                                                  ***Via CM/ECF***
REAUD, MORGAN & QUINN, LLP
P.O. Box 26005
Beaumont, Texas 77720-6005

                                                                   ___/s/ Lionel Martin_____
                                                                   Lionel Martin